°  Succession of Conery.

---

No. 13,695.

SUCCESSION OF E. CONERY, SR.

SYLLABUS.

1.  Where it is shown that a sum of money, for which a particular individual is recognized as a creditor, actually belonged, or was due, to such individual, and that it was collected by the decedent and placed to the credit of his individual account, in the firm of which he was a member, or in bank, the burden of proof rests upon those who oppose the payment of the claim to show that the obligation to make such payment, thus established as against the decedent, has been discharged.

2.  Where an administrator's account consists, in part, of a schedule showing a large number of items, of rents collected and disbursements made, which latter have the appearance of being necessary and legitimate, and the opposition thereto is couched in general terms, general testimony as to the correctness of such items is sufficient.

3.  An administrator will not be condemned to pay the costs of an opposition levelled at his entire account merely because such opposition is sustained with respect to some items in which he is personally concerned.

APPEAL from the Civil District Court, Parish of Orleans—*Ellis. J.*

H. *Gibbs Morgan* (*Omer Villere,* of counsel), for Mrs. Mary H. Conery, Plaintiff, Appellant.

Howe, *Spencer & Cocke* and *McCloskey & Benedict,* for Administrator, Defendant, Appellee.

The opinion of the court was delivered by

MONROE, J. The administratrix, *pro tempore,* of E. Conery, Jr., for whose interdiction a suit is pending, filed an opposition to the account of the administrator of this succession, in which she objected, specifically, to certain items, and objected, in general terms, without specification, to other items, which are included in a schedule annexed to, and made part of, the account. Subsequently, the opposition was withdrawn as to all the items specifically mentioned with the exception of four, viz: the commission of the administrator; two items in favor of the heirs of Mrs. Byrne, deceased wife of the administrator; and one item in favor of Edward C. Byrne. Upon the account, as filed, the administrator allowed himself a commission of 2½% on the total appraisement, according to the inventory, amounting to $184,491.77. It was objected that this amount included a claim against E. Conery, Jr., amounting to $93,674.84, and that the same was not due, and, hence, that the administrator was not entitled to a commission thereon. It appeared on the trial, however, that E. Conery, Jr., had made a cession of his property, and the judge *a quo* held, that, if the amount claimed was a debt, it was a bad debt, and sustained the opposition as to the commission claimed thereon. He also maintained the opposition as to several small items, amounting in the aggregate to $257.68, included in the schedule, which were opposed in general terms and were disallowed; and he likewise maintained the opposition as to some few other items, similarly situated, amounting to $200.48, as to which there was judgment, as in case of non-suit. In all other respects, the opposition was dismissed. From this judgment, the opponent appealed, and her present contention is: (1) That the items allowed in favor of the heirs of Mrs. Byrne, and that in favor of Ed. C. Byrne should have been rejected; (2) That all the items on the schedule which were not established by proof should have been rejected; and (3) That the administrator, individually, should have been condemned for the costs.

There are two items in favor of the heirs of Mrs. Byrne, who was the daughter of the decedent. The one, for $346.65, represents a balance which remained on deposit in the Louisiana National Bank to the credit of Mrs. Byrne, after her death, and which was withdrawn by the decedent, by special arrangement with the bank, in order to avoid the opening of Mrs. Byrne's succession, and was placed by the decedent to his credit in the firm of which he was a member. The other, for $505, represents a balance remaining in the hands of the decedent, and which

was similarly disposed of by him, from a certain sum, of $1521.00, which he had collected for account of Mrs. Byrne, under a policy of insurance covering a certain building, No. 421 Magazine street, of which she was the owner, which building had been damaged by fire; the remainder of said sum having been used by the decedent in repairing, or restoring, the building. The item in favor of Edward C. Byrne, who was the grandson of the decedent, represents $500, with accumulated interest, which had been given to said Byrne by his grandmother, in 1896; had been left with the firm of which decedent was a member; and had been withdrawn therefrom and placed in bank to the credit of his individual account. These facts are established beyond controversy, but it is said that there is not sufficient proof that the decedent had not, at some time or other, paid the amounts in question to the parties to whom they were due. The burden of proof as to such payment was upon the opponent, but the proof made by the administrator appears to us to be entirely satisfactory. Mr. Wood, a witness introduced on behalf of the administrator, testified that he had been the book-keeper, cashier and confidential man, of the decedent for more than thirty years; that he drew all of his checks, and paid all of his bills, after his retirement from business as well as before; that the amounts in question were placed to the credit of the decedent's individual account, and that, so far as the witness knew, they were never paid by him to the parties entitled to them. As to the items contained in the schedule and opposed in general terms, and without specification, it appears that the succession owned a great many pieces of real estate, and the schedule represents $18,665.50 of rents collected from various tenants, and $9214.61 of disbursements, mainly on account of said real estate. In the course of the trial it was found that there were some items which were not properly chargeable to the succession, and the administrator, through his counsel, at once consented, and suggested, that they should be stricken off. Other items were considered doubtful and the court struck them off as in case of non-suit, as has been stated. The account, as a whole, is verified by the affidavit of the administrator, who placed himself on the stand as a witness, and was subject to cross-examination as to his entire gestion. It was also verified, generally, by the witness, Wood, who was personally cognizant of the destination of most of the money paid out. Our attention has not been called to any particular item which is not considered established by proof, and we agree with the judge *a quo* that those items not stricken off are suffi-

ciently proved. We also agree with the judge *a quo* as to the costs, probably the largest item of which was incurred in investigating the claim of the succession against E. Conery, Jr. The administrator was obliged to file his account and it was his duty to place thereon, as assets, claims in favor of the succession, as it was, also, his duty, and his right, acting in his official capacity, to place on said account such claims against the succession as he considered entitled to that recognition, whether due to others or to himself; and the fact that an opposition, directed against the entire account, should be maintained with respect to particular items in which he is personally interested ought not to make him individually liable for the costs of such opposition. An opponent who claims a large amount is allowed his costs, no matter for how small a proportion of such claim his opposition is maintained. Why should not the administrator be similarly dealt with?

We are of opinion that the judgment appealed from is correct, and it is, therefore, affirmed.